(C.D. 4194)

BRIARCLIFF CLOTHES, LTD. *v.* UNITED STATES

United States Customs Court, Second Division

---

[2] Tariff Classification Study, Explanatory and Background Materials, Schedule 4, Explanatory Notes, page 3.

(Decided April 1, 1971)

*Seigel, Mandell & Davidson* (*Allan H. Kamnitz* of counsel) for the plaintiff.
*L. Patrick Gray, III,* Assistant Attorney General (*John A. Winters,* trial attorney), for the defendant.

Before RAO, FORD, and NEWMAN, Judges

RAO, Chief Judge: The merchandise involved in this case is described on the invoices as men's or boys' rubberized vinyl rayon jackets and is referred to in the stipulation of facts, *infra,* as car coats. It was assessed with duty at 20 per centum ad valorem under item 380.90 of the Tariff Schedules of the United States, as men's or boys' wearing apparel, not ornamented: other [than cotton, vegetable fibers, wool, silk, or man-made fibers]. Several claims are made in the protest, but the only one relied on is that the merchandise should have been classified under item 772.30, as wearing apparel not specially provided for, of rubber or plastics, at 12½ per centum ad valorem. The other claims are deemed abandoned and will be dismissed.

This case has been submitted on an agreed statement of facts, providing:

> 1. That the merchandise described on the invoice covered by the subject protest as car coats were assessed with duty at 20 per centum ad valorem under Item 380.90, TSUS, as other men's or boys' wearing apparel, not ornamented: other.
> 2. That the plaintiff claims that said merchandise is properly dutiable at the rate of 12.5 per centum ad valorem under Item 772.30, TSUS, as wearing apparel not specially provided for, of rubber or plastic.
> 3. That said car coats are made from a laminated material composed of rubber and rayon.
> 4. That the component material of chief value of the laminated material and of the car coat, is rubber.
> 5. That said car coats consist of non-ornamented men's or boys' car coats and are not, in fact, rainwear, but are men's or boys' wearing apparel.

> \*     \*     \*     \*     \*     \*     \*

The issue in this case is whether wearing apparel in chief value of rubber, made from a laminated material composed of rubber and rayon, in chief value of rubber, is "of textile materials" so as to be properly classifiable under item 380.90, as assessed by the regional commissioner.

The pertinent provisions of the tariff schedules are as follows:

SCHEDULE 3

Schedule 3 headnotes:

> \*     \*     \*     \*     \*     \*     \*

> 2. For the purposes of the tariff schedules—
>     (a) the term "textile materials" means—

(i) the fibers (cotton, other vegetable fibers, wool and hair, silk, and man-made fibers) provided for in part 1 of this schedule,

(ii) the yarn intermediates and the yarns provided for in part 1 and part 4 (elastic yarns) of this schedule,

\*　　\*　　\*　　\*　　\*　　\*　　\*

(iv) the fabrics provided for in part 3 and part 4 of this schedule,

\*　　\*　　\*　　\*　　\*　　\*　　\*

(vi) articles produced from any of the foregoing products;

Part 4, Subpart C:

Subpart C headnotes:

\*　　\*　　\*　　\*　　\*　　\*　　\*

3. For the purposes of determining the component fibers of chief value in coated or filled fabrics and articles thereof, the coating or filling substances shall be disregarded.

\*　　\*　　\*　　\*　　\*　　\*　　\*

Woven or knit fabrics (except pile or tufted fabrics), of textile materials, coated or filled with rubber or plastics material, or laminated with sheet rubber or plastics, except foam or sponge sheet:

| | | | |
|---|---|---|---|---|
| 355.65 | Of vegetable fibers | \* | \* | \* |
| 355.70 | Of wool | \* | \* | \* |
| 355.75 | Of silk | \* | \* | \* |
| 355.80 | Of man-made fibers | \* | \* | \* |
| 355.85 | Other | \* | \* | \* |

Part 6, Subpart F:

Subpart F headnotes:

1. This subpart covers only wearing apparel, not specially provided for, of textile materials.

\*　　\*　　\*　　\*　　\*　　\*　　\*

Other men's or boys' wearing apparel, not ornamented:
　Of cotton:

\*　　\*　　\*　　\*　　\*　　\*　　\*

　Of vegetable fibers, except cotton:

\*　　\*　　\*　　\*　　\*　　\*　　\*

　Of wool:

\*　　\*　　\*　　\*　　\*　　\*　　\*

　Of silk:

\*　　\*　　\*　　\*　　\*　　\*　　\*

　Of man-made fibers:

\*　　\*　　\*　　\*　　\*　　\*　　\*

| | | |
|---|---|---|
| 380.90 | Other | 20% ad val. |

SCHEDULE 7

Part 12, Subpart C:

\*     \*     \*     \*     \*     \*     \*

772.30     Wearing apparel (including rainwear) not specially provided for, of rubber or plastics _____ 12.5% ad val.

Since the regional commissioner classified this merchandise under item 380.90, which is in subpart 6F, schedule 3, of the tariff schedules, it is presumed that he found that it consisted of wearing apparel wholly or in chief value of textile materials. No sample of the merchandise is before the court and the stipulation states only that it was made from a laminated material composed of rubber and rayon, in chief value of rubber. Rayon is a man-made fiber and is thus a textile material under the definition in headnote 2(a) of schedule 3, *supra*. Rubber in the form of yarn is also a textile material. For instance, elastic yarns which "possess elasticity which is attributable in whole or in part to rubber" are provided for in schedule 3, subpart 4A. While plaintiff has proceeded on the assumption that the rubber portion is a non-textile material, the stipulation does not so state. Thus, if the merchandise here is in fact composed of a laminated material made of woven rayon fabric and a fabric whose rubber component is in the form of yarn, it is wholly of a textile material and classifiable under the textile schedule and not under item 772.30, as wearing apparel of rubber. *R. H. Macy & Co., Inc.* v. *United States*, 57 CCPA 115, C.A.D. 988 (1970).

Moreover, even assuming that this merchandise is made of a material composed of rayon fabric laminated with rubber sheeting, we are of opinion that it is not classifiable as wearing apparel of rubber under item 772.30, even though in chief value of rubber, since it is of "textile materials" within the meaning of headnote 2(a), schedule 3, *supra*, and as such must be classified under the textile schedule. *R. H. Macy & Co., Inc.* v. *United States, supra*.

Textile materials, as defined in said headnote 2(a), schedule 3, include the fabrics provided for in part 4 of schedule 3. In that part are found provisions for woven or knit fabrics laminated with sheet rubber (items 355.65–355.85). Separate provisions cover such material if of vegetable fibers, of wool, of silk, or of man-made fibers. A basket provision "other" follows. It seems evident from this that items 355.65–355.85, as originally enacted,[1] were intended to cover woven or knit fabrics laminated with rubber whether in chief value of vegetable fibers, or of wool, or of silk, or of man-made fibers, or of some other material.

---

[1] Changes have been made by the Tariff Schedules Technical Amendments Act of 1965, not here applicable.

Plaintiff claims that items 355.65–355.85 are limited to coated, filled or laminated fabrics of textile materials and that any such fabric in chief value of the non-textile portion could not be included thereunder, except that in the case of coated or filled fabrics, by reason of head-note 3 to part 4C, schedule 3, *supra*, the non-textile portion is to be disregarded in determining component material of chief value. It is plaintiff's position that in the case of laminated fabrics, the non-textile portion is not to be disregarded and where it is in chief value the merchandise could not be classed under items 355.65–355.85 and would not be a textile material for tariff purposes.

We do not so read the statute.

Headnote 3, part 4C, schedule 3 is directed toward the determination of the component *fiber* of chief value and is applicable where it is necessary to decide whether vegetable fiber, wool, silk, or man-made fiber is the fiber in chief value of a given article. In making that deter-mination, the coating or filling substance is to be disregarded. No such determination is required in this case. Since it has been stipulated that rubber is the component in chief value, the fabric is not provided for under any of the fiber provisions of items 355.65–355.80, but it is provided for under item 355.85, "other." The language of that pro-vision is not "other fibers" or "other textile materials" but "other" without limitation. It includes laminated woven or knit fabrics in chief value of any material other than those enumerated. Had Con-gress intended to limit items 355.65–355.85 to fabrics wholly or in chief value of textile materials, it would have placed the phrase "of textile materials" in the superior heading at the end thereof rather than following the words "Woven or knit fabrics (except pile or tufted fabrics)." [2] We conclude that a woven or knit fabric of textile materials laminated with rubber and in chief value of rubber is provided for under item 355.85 and is a textile material as defined in headnote 2(a), schedule 3, *supra*.

That such was the intent of Congress is borne out by later develop-ments. Subsequent to the importation involved herein, various changes were made in connection with the classification of articles wholly or in part of a fabric coated, filled, or laminated with rubber or plastics, by the Tariff Schedules Technical Amendments Act of 1965. The Report of the Ways and Means Committee of the House of Representa-tives in connection therewith (House Report No. 342, 89th Con., 1st Session) states as to the situation prior to the amendment (p. 11):

> In the new tariff schedules [TSUS], all woven and knit fabrics covered with rubber or plastics (except foam or sponge sheet)

[2] Cf. the actual wording "Woven or knit fabrics (except pile or tufted fabrics), of textile materials, * * * laminated with sheet rubber * * *" with the following "Woven or knit fabrics * * * laminated with sheet rubber, of (or in chief value of) textile materials."

are specifically provided for in items 355.65–355.85 in subpart C, part 4, schedule 3. Schedule 3 headnote 2(a)(iv) includes such fabrics in the definition of "textile materials." Thus, *regardless of whether the textile fabric or the rubber or plastics is the component of chief value, the fabric is provided for in items 355.65–355.85, and the fabric as a whole is regarded, for the purposes of the tariff schedules, as a textile material when it is used for making other articles.* [Emphasis supplied.]

We conclude that the merchandise involved herein is composed of textile materials within the meaning of the statutory provisions in effect at the time of importation. Therefore, it was properly classified under item 380.90, as men's or boys' wearing apparel, not ornamented: other. The claim for classification under item 772.30 as wearing apparel of rubber must be overruled. As to all other claims, the protest is dismissed. Judgment will be entered accordingly.[3]

(C.D. 4195)

---

[3] Subsequent to the drafting of this opinion, a motion was made by plaintiff to set aside the submission and reinstate the case in order to give plaintiff an opportunity to produce evidence that the wearing apparel was made from a laminated fabric and a layer of sheet rubber. In view of the decision we have reached herein, this motion has been denied.